HOOD, Judge.
Rodney Goodly, the plaintiff in this suit, seeks workmen’s compensation benefits based on allegations that he is totally and permanently disabled. He appeals from a judgment of the trial court rejecting his demands and dismissing the suit.
The only issue presented on this appeal is whether Goodly has been disabled since his employment was terminated, on or about November 6, 1963.
In 1963 plaintiff was employed as a laborer in defendant’s lumber mill, his regular duties being to pull and to stack lumber as it came off the “green chain.” On Tuesday, October 22, 1963, while handling some lumber he “give it a jerk” and then felt something “loose” in his right shoulder. He reported the accident to his foreman, and the foreman thereupon assigned him to work on the clean-up truck, which involved lighter duties. He continued to perform these lighter duties throughout the rest of that day and every day thereafter until the end of the work week, which occurred at about noon on Friday. On the following Monday, October 28, he returned *390 to his regular duties on the “green chain,” and he performed his regular duties throughout that full week until noon on the following Friday. He did not go to work on Monday, November 4, hut on the next day he went to the mill and reported to the foreman that his shoulder was hurting him. The foreman then sent him to Dr. Thomas A. LaCour, a general practitioner, for treatment. Plaintiff has never returned to work for defendant since that time.
Plaintiff testified that his right shoulder still pains him, that it is weak, that he has done no work since the date of the accident except that he has “cleaned up yards a bit,” and that because of the condition of his shoulder he does not believe that he is able to return to his regular duties at the lumber mill.
Dr. LaCour treated plaintiff on four occasions, from November 6 until November IS, 1963. He was unable to find any evidence of injury on any of the examinations he made, except that he did find a mild muscle inflammation which possibly could be related to the accident, but which was not disabling. In the opinion of this treating physician, plaintiff “was not hurt,” and he has been able to return to his regular employment since the time he first saw plaintiff on November 6, 1963.
Plaintiff also was examined by four orthopedic surgeons, the first of these examinations being made on November 13, 1963, and the last being made on May 11, 1964. Dr. George P. Schneider, one of the orthopedic surgeons, examined plaintiff on December 10, 1963, and concluded that he had sustained a myofascial tear of the lower portion of the latissimus dorsi muscle. He testified that he could find no objective signs of such an injury, but based his diagnosis on the history and complaints related to him by plaintiff. He testified that in his opinion plaintiff was temporarily disabled from performing heavy labor at the time of that examination, and that it should require from six to eight months from the date of the injury for complete recovery.
All of the other orthopedic surgeons, Dr. T. E. Banks, Dr. C. V. Hatchette and Dr. Edwin C. Simonton, testified that in their opinions plaintiff was not disabled at the time each examined him, and that he was able to return to his former duties requiring heavy manual labor. These three orthopedists, and also Dr. LaCour, the treating physician, further testified that plaintiff did not complain of pain near the latissimus dorsi muscle, and that in their opinions he did not sustain a tear of or injury to that muscle. Dr. Banks examined plaintiff on two occasions, once before Dr. Schneider’s examination and once after it.
The lay evidence consists solely of the testimony of the plaintiff and some of his fellow employees. None of these witnesses observed the accident, and none of them was able to testify as to any of plaintiff’s activities after his employment was terminated.
The trial judge, after carefully analyzing all of the evidence in his written reasons for judgment, concluded that plaintiff had fully recovered from the effects of the injuries which he sustained by the time his employment was terminated on November 6, 1963.
In our opinion the evidence supports the conclusions reached by the trial judge, and for that reason we find no error in the judgment appealed from.
For the reasons herein assigned, therefore, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.